IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DENISE NORMAN, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-11-1342 |
| § | |
| ALLIANTGROUP, LP, *et al.*, § | |
| Defendants. § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Compel Arbitration ("Motion") [Doc. # 11] filed by Defendants AlliantGroup, LP, Shane Frank, and Dhaval R. Jadav, to which Plaintiff Denise Norman filed a Response [Doc. # 13], and Defendants filed a Reply [Doc. # 14]. Based on the Court's review of the record and the application of governing legal authorities, the Court **grants** the Motion to Compel Arbitration.

## I. **BACKGROUND**

Plaintiff was employed by AlliantGroup, a company that provides specialty tax consulting services. Plaintiff filed this Fair Labor Standards Act ("FLSA") lawsuit, alleging that she was routinely required to work more than forty (40) hours per week, but was not paid overtime wages for the additional hours.

Defendants filed their Motion to Compel Arbitration. Defendants attached a copy of Plaintiff's application for employment, which included a provision for

"Mandatory Binding Arbitration." *See* Arbitration Provision, Exhibit 1-A, p. 4, ¶ 3. Plaintiff opposes arbitration, asserting that the Arbitration Provision does not specify where or before whom the arbitration is to proceed. Plaintiff opposes arbitration also because this lawsuit was filed as a collective action under the FLSA. The Motion to Compel Arbitration has been fully briefed and is ripe for decision.

## II.   ANALYSIS

"[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)). This rule applies equally to claims under the FLSA. *Id.* at 298.

Plaintiff in this case does not dispute that there is a binding arbitration provision or that her FLSA claims fall within that provision. Instead, Plaintiff argues that the arbitration provision is unenforceable because it does not provide where the arbitration is to take place or before which organization. Plaintiff argues also that arbitration cannot be compelled in this case because it was filed as a collective action.

Plaintiff in her Response notes that the arbitration provision "lacks any indication of the forum or arbitrating body." Response, p. 1. Plaintiff asks the Court, however, to determine whether Defendants will agree to "present Plaintiff Norman's

claims before the American Arbitration Association in Houston, Texas." *Id.* at 2.  In their Reply, Defendants agree to proceed before the American Arbitration Association in Houston, Texas, as requested by Plaintiff.  *See* Reply [Doc. # 14], p. 3 n.1.  Consequently, by agreement of the parties, any arbitration will take place in Houston, Texas, before the American Arbitration Association.

Plaintiff also argues that arbitration is not appropriate because the case was filed as a collective action.  This argument is contrary to the law in the Fifth Circuit.  *See, e.g., Carter*, 362 F.3d at 298 (holding that arbitration provisions are enforceable in FLSA lawsuits even if enforcement of the provisions deprives a plaintiff of the right to proceed collectively); *Botello v. COI Telecom, L.L.C.*, 2010 WL 5464824, *11 (W.D. Tex. Dec. 30, 2010) (noting that it "would turn Fifth Circuit . . . law on its head to allow an individual to proceed in court under a FLSA collective action theory when the individual FLSA claim would surely be subject to arbitration").  As a result, the filing of this lawsuit as a collective action does not bar enforcement of the arbitration provision as to Plaintiff Norman.

### III.  <u>CONCLUSION AND ORDER</u>

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion to Compel Arbitration [Doc. # 11] is **GRANTED**. The parties are directed to submit this dispute to arbitration before the American Arbitration Association in Houston, Texas. It is further

**ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending the completion of the arbitration process. It is further

**ORDERED** that the prevailing party in the arbitration shall file either a Motion to Confirm Arbitration Award with a proposed Final Order or a Motion to Dismiss this lawsuit within twenty-eight (28) days after the arbitration is completed.

SIGNED at Houston, Texas, this **13th** day of **October, 2011**.

_____
Nancy F. Atlas
United States District Judge